UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                    Case Number: 18-cr-20046

v.

                                                   Honorable Thomas L. Ludington

KYLE LEE WILSON                         Magistrate Judge Patricia T. Morris

       Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO DENY POINT REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY

On April 30, 2018, Defendant pled guilty to three counts of breaking and entering with intent, in violation of 18 U.S.C. §§ 13, 1152 and M.C.L. 750.110. ECF No. 21. On or about July 29, 2018, while Defendant was on bond awaiting sentencing, Defendant committed three additional acts of breaking and entering with intent, to which he pled guilty on October 16, 2018. ECF No. 18 (case no. 18-cr-20550).

The computation sheet attached to Defendant's rule 11 plea agreement in this case reflects a three-point reduction to Defendant's offense level for acceptance of responsibility under § 3E1.1(a) and § 3E1.1(b). On October 26, 2018, the government filed a motion asking the Court to determine that Defendant has lost his three-point reduction for acceptance of responsibility. ECF No. 32. The motion will be granted, although some clarification is in order. The plea agreement provides as follows:

> B. Sentencing Guidelines
>
> There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 27-33 months, as stated in the attached worksheets. If the court finds: (a) that defendant's criminal history category is higher than reflected on the attached worksheets, or (b) *that the offense level should be higher because, after*

> *pleading guilty, defendant made any false statement to or withheld information from his probation officer; committed a new offense; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice*, and if any such finding results in a higher guideline range, the higher guideline range becomes the agreed range.
>
> Based on the present circumstances, the U.S. Attorney recommends that defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney *may recommend against* giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office *learns of information inconsistent with the adjustment*. Additionally, the U.S. Attorney agrees that the defendant has assisted the authorities, within the meaning of U.S.S.G. 3E1.1(b), in the prosecution of defendant's own misconduct by timely notifying authorities of the intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The U.S. Attorney therefore moves that the defendant be granted a third level reduction for acceptance of responsibility.

ECF No. 21 at 2 (emphasis added).

The government appears to suggest that, under the terms of the plea agreement, the commission of "a new offense" constitutes an act demonstrating a "lack of acceptance of responsibility." This is not entirely clear based on the agreement. The first paragraph quoted above provides that the Court may determine that the offense level should be higher than what the parties have agreed to because of certain specified events or circumstances. The agreement sets forth four different bases upon which the Court can make this determination. Notably, "commit[ing] a new offense" and "otherwise demonstrate[ing] a lack of acceptance of responsibility for his offense" are listed as two separate bases, suggesting that they are not one in the same. Moreover, the succeeding paragraph specifically addresses the two levels for acceptance of responsibility (without reference to the first paragraph) based on the U.S. Attorney's motion.

Furthermore, as a legal matter, the Sixth Circuit has held that additional criminal conduct "committed after indictment/information but before sentencing, *which is wholly distinct from the crime(s) for which a defendant is being sentenced*," may not be used as the basis for denial of a §

3E1.1 reduction. *U.S. v. Morrison*, 983 F.2d 730, 733–35 (6th Cir. 1993) (emphasis added). The criminal conduct must be related or similar to the offense of conviction. *Id.*

Here, as the government notes, the crime Defendant committed while awaiting sentencing is the same crime that he had previously pled guilty to. Thus, the Court is satisfied that Defendant's conduct "demonstrate[s] a lack of acceptance of responsibility for his offense." Accordingly, Defendant will not receive the reduction. However, it is important to clarify that the plea agreement, as currently drafted, does not necessarily compel the conclusion that *any* new offense would result in the loss of the downward adjustment for acceptance of responsibility (if this is indeed the government's interpretation of that provision).

Accordingly, it is **ORDERED** that the government's motion, ECF No. 32, is **GRANTED**.

It is further **ORDERED** that Defendant will not receive a reduction for acceptance of responsibility.

Dated: October 31, 2018

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager